IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.5:05-CR-210-BO-3
No. 5:12-CV-204-BO

| | | |
|---|---|---|
| BRYAN TERRELL DIXON, )<br>Petitioner, )<br>v. )<br> )<br>UNITED STATES OF AMERICA )<br>Respondent. ) | | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 110]. In his motion, petitioner (Mr. Dixon) asserts that he is not guilty of having been a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The government has moved to dismiss Mr. Dixon's motion to vacate [DE 113].

## BACKGROUND

On August 10, 2005, Mr. Dixon was named in two counts of a seven-count indictment alleging that he conspired with others to make false statements in the acquisition of firearms and that he possessed a firearm after having previously been convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C. §§ 371 & 922(g)(1). After pleading guilty to both counts, Mr. Dixon was sentenced on August 23, 2006 to terms of 60 and 115 months imprisonment respectively, to run concurrently. This sentence represented an upward departure due to defendant's attempted murder with a firearm for which he was not indicted. The defendant appealed his sentence, which was affirmed. On February 28, 2008, the defendant filed a § 2255 petition, which this Court dismissed. Mr. Dixon filed the instant § 2255 motion on April 16, 2012.

## DISCUSSION

### I. PETITIONER'S MOTION IS UNTIMELY AND IS NOT SUBJECT TO EQUITABLE TOLLING.

First, the government contends that Mr. Dixon's motion is untimely and is not subject to equitable tolling. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Mr. Dixon argues that his motion is timely under § 2255(f)(4) and that equitable tolling should apply.

Although "facts" in this context have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308-09 (2005), the court ruling or legal consequence must have occurred in the petitioner's *own case*; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations period. *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007). As Mr. Dixon's claims are not supported by any court order entered in his own case or other newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4), the instant petition is untimely.

Further, equitable tolling is not available to render Mr. Dixon's petition timely. This Court has earlier held that cases such as this could be deemed timely under § 2255(f)(3), finding

2

that the right announced by the Supreme Court in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010), is retroactive on collateral review and that equitable tolling could apply if a petition was filed within a short time of the holding in *Simmons*. *See e.g. Mathis v. United States*, 7:09-CR-139-BO, 2012 WL 1156438 (E.D.N.C. April 6, 2012). The Fourth Circuit has recently held, however, that the rule announced in *Carachuri-Rosendo* is procedural and is not retroactively applicable to cases on collateral review. *United States v. Powell*, No. 11-6152, 2012 WL 3553630 *5 (4th Cir. August 20, 2012). Accordingly, Mr. Dixon's motion to vacate is also untimely under § 2255(f)(3). As the Court is unaware of any basis upon which to find the petition timely under the remaining provisions of § 2255(f), the Court must dismiss Mr. Dixon's petition.

II. PETITIONER'S UNDERLYING FELONY CONVICTION IS UNAFFECTED BY *SIMMONS*.

Even if petitioner's motion had been timely filed, his argument that his predicate felony should be reconsidered under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) fails. At issue in *Simmons* was whether defendant's North Carolina conviction was for "an offense punishable by imprisonment for more than one year." *Id.* At 239. The *Simmons* court held that a prison term could only properly be considered to exceed one year if the defendant had actually been eligible for such a sentence considering his criminal history and the nature of the offense. *Id.*

According to petitioner, in light of *Simmons* the predicate offense relied upon in his felon in possesion of a firearm charge was not punishable by a term of imprisonment exceeding one year. This Court disagrees.

3

In 1999, petitioner was convicted of disorderly conduct. In 2001, petitioner was convicted of impeding traffic. In 2003, petitioner was convicted of possession of marijuana. Finally, in 2004, petitioner was convicted of unlawful possession of a weapon. This 2004 conviction constitutes the predicate offense for Mr. Dixon's felon in possession of a firearm conviction. Under New Jersey law, the unlawful possession of a weapon conviction was considered a "crime of the third degree." N.J. Stat. Ann. § 2C:39-5 (2004). Under New Jersey's sentencing guidelines, a third-degree offense is punishable by a term of imprisonment between three and five years. N.J. Stat. Ann. § 2C:43-6(a)(3). However, a first-time offender of a third-degree crime is entitled to a presumption against imprisonment. N.J. Stat. Ann. § 2C:44-1(e). In *United States v. Minnick*, 949 F.2d 8, 9-10 (1st Cir. 1991), the First Circuit found that, despite this presumption against imprisonment for first-time offenders, a first offense conviction of a third-degree crime was punishable by imprisonment for a term "exceeding one year." *Id*. The court's holding was such because under New Jersey law a three- to five-year prison sentence could be imposed if the presumption against imprisonment was overcome. *Id*. The *Minnick* court focused on the possibility of overcoming the presumption regardless of whether the presumption had actually been overcome in the matter before it. *Id*.

At least one other court in the Fourth Circuit has revisited the *Minnick* court's findings following the decisions in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir 2011). *See Battle v. United States*, 2012 WL 1067943 (S.D.W.Va., March 29, 2012). This Court agrees with Judge Faber's reasoning in that case. Judge Faber found that even if the holdings in *Carachuri* and *Simmons* merited a reexamination of the First Circuit's analysis in *Minnick*, petitioner was precluded from such an argument where

4

he had actually been convicted of offenses prior to his predicate felony conviction that would overcome the presumption of non-imprisonment. *Battle*, at *3 (citing *New Jersey v. Jonuzi*, 2010 WL 5392768, *1 (N.J. Super.A. d. Dec. 27, 2010) (finding that the presumption of non-imprisonment applies "only if the defendant has not previously been convicted of an offense.")). A disorderly persons offense as a previous conviction sufficient to overcome the presumption against imprisonment. *See Battle*, at *3 (citing *State v. J.P.*, 2012 WL 328971, (N.J.Super.A.D. Feb. 3, 2012)).

As noted above, at the time of his 2004 conviction Mr. Dixon was not a first-time offender. As such, Mr. Dixon was not entitled to New Jersey's presumption against imprisonment and the convicted offense was properly considered a felony because he faced the possibility of imprisonment for a period exceeding one year. Therefore, the predicate felony for his current felon in possession of a firearm conviction is valid, the government's motion to dismiss is GRANTED, and petitioner's motion is DISMISSED.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability. A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided

5

differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition, the Court finds that the governing standard has not been satisfied. Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 28 day of September, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6